Howell, J.
This is a petitory action to recover a tract of land, which plaintiff alleges she bought at the probate sale of Nancy Stevens, in December, 1862; that she and those under whom she holds have been the lawful owners thereof for over thirty years; that Mrs. Harriet Herbert is now in possession of said land, and claims to be the owner of the same by virtue of a pretended transfer made by Mrs. L. P. Bark-dull on the seventh of March, 1868; that the said Mrs. Barkdull never was the owner thereof, and she prays that she be declared the owner and put in possession of said land.
To this petition the defendant filed the plea of res judicata, inasmuch as the demand herein is the same, founded on the same cause of action *285 and between the same parties, as that which has been adjudged in suit in same court, entitled H. H. Herbert v. the Sheriff et al., Mrs. I. A. Eluker, intervenor.
This plea was overruled, answer was filed, and from a judgment in favor of defendant plaintiff has appealed.
The record in the said suit shows that as to the plaintiff and intervenor therein, the demand, the cause of action, and the parties were the same as in this.; butthe plaintiff herein offered parole x>roof that on the trial of the said cause the counsel for the plaintiff in injunction objected to the introduction of any evidence on the part of the intervenor on the grounds that no service had been made of said intervention, no issue joined by answer, and no evidence offered on the part of the intervenor up to said trial; to which the counsel for the defendant herein objected, on the grounds that the judicial acts of a court of record could be evidenced by the record alone, and could not be supxilied by parole evidence, and that on the trial of a peremptory exception of res judicata no parole evidence is admissible, .except to explain an ambiguity in the judgment or to establish the identity of the object.
These objections were overruled and the testimony admitted “ to explain any ambiguity as to the extent of the judgment.”
We think the court erred. The first ground is sustained by the case State v. Smith, 12 An. 349. What was never of record can not be supplied by parole. The ruling of a court upon the exclusion of evidence must be of record. There is no ambiguity or obscurity in the judgment. The jury found in favor of the plaintiff in injunction and dismissed the intervention. On this verdict judgment was rendered in the following words : “ It is therefore ordered that the injunction herein sued out be perpetuated;. that Harriet Herbert be recognized as the owner of the tract of land described in plaintiff’s petition, and that the defendants pay costs. And it is further decreed that the intervention of I. Ann Eluker be dismissed at her costs.”
Erom this judgment the intervenor did not appeal. The record of that suit shows that her counsel was present and took part in the taking of testimony on trial, and that his name appears in connection with that of the counsel fpr the defendants in the motion for an appeal by defendants. This judgment was conclusive upon the demand of the intervenor and is final. The plea of res judicata does not rest on the regularity of the proceedings which can be reviewed on appeal, but upon the force of the judgment pronounced upon the demand and cause of action between the parties.
Without the above parole evidence the plea must be held to be good, and the j udge a quo erred in overruling it.
And for this reason it is ordered that the judgment appealed from, which was in favor of defendant, be affirmed with costs.